# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY E. TORRES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. HODGES WILKINS, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00814-GSA PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 9) |

**Screening Order**

**I.　Screening Requirement**

　　Plaintiff Jerry E. Torres, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 8, 2009.  Plaintiff alleges that he is being discriminated against, in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

　　On December 2, 2009, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim under section 1983.  Plaintiff filed an amended complaint on December 15, 2009.

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

## II. Plaintiff's Equal Protection Claim

### A. Allegations

Plaintiff is housed at the California Substance Abuse Treatment Facility and State Prison in Corcoran, and is not eligible to earn half-time credits toward earlier release. Plaintiff alleges that his right to equal protection of the laws is being violated because he is on a waiting list for a prison job and is being passed up for jobs in favor of inmates on half-time credit earning status. Plaintiff alleges that inmates deemed eligible by the courts to earn half-time credits are to be placed in an educational bridging program and given A-1-A status but are not to be given preferential treatment where jobs are concerned. Plaintiff seeks to impose liability on the defendants named in this action based on their failure to put an end to the discriminatory treatment when they were made aware it was occurring.

### B. Legal Standard

Under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Further, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations

1  sufficient to state a plausible claim for relief. Iqbal at 1949-50; Moss v. U.S. Secret Service, 572
2  F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this
3  plausibility standard. Id.

4      The Equal Protection Clause requires that persons who are similarly situated be treated alike.
5  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985). An
6  equal protection claim may be established by showing that the defendant intentionally discriminated
7  against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345
8  F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001), or
9  that similarly situated individuals were intentionally treated differently without a rational relationship
10 to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073
11 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v.
12 City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008). A plaintiff must allege sufficient facts either
13 showing intentional unlawful discrimination or "that are at least susceptible of an inference of
14 discriminatory intent." Byrd v. Maricopa County Sheriff's Dep't, 565 F.3d 1205, 1212 (9th Cir.
15 2009) (internal quotations and citation omitted); Iqbal, 129 S.Ct. at 1949-50.

16     **C.**    **Discussion**

17     Plaintiff has not alleged any facts supporting a claim that the defendants named in this action
18 intentionally discriminated against him by treating him differently than other similarly situated
19 inmates without a rational relationship to a legitimate state purpose.[1] Iqbal at 1949-50. Further, even
20 if Plaintiff had been able to cure the deficiency in his claim and demonstrate unlawful discrimination,
21 Defendants may not be held liable for the discriminatory conduct of other employees based simply
22 upon their review of Plaintiff's inmate appeals of the issue or because they hold positions of
23 authority within the prison. Id. at 1949. For these reasons, Plaintiff's equal protection claim fails
24 as a matter of law.
25 ///
26 ///
27
28     [1] Plaintiff's claim does not arise from his membership in a protected class.

3

### III. Conclusion and Order

Plaintiff's amended complaint fails to state a claim under section 1983 for violation of the Equal Protection Clause. Plaintiff was previously given leave to amend to cure the deficiencies in his claim but was unable to do so, and based on the nature of the deficiencies at issue, justice does not require further leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, it is HEREBY ORDERED that:

1. This action is dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983; and
2. The Clerk of the Court shall enter judgment.

IT IS SO ORDERED.

Dated: **December 21, 2009**          /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE

4